IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:13-cr-479-CMC |
| vs. | **OPINION AND ORDER** |
| James Chappell Dew,<br>Defendant. | |

This matter is before the court on Defendant's motion for relief under 28 U.S.C. § 2255. ECF No. 453. Defendant presents six grounds for relief. The first five grounds concern the loss amount attributed to him, which he believes was incorrectly calculated, increasing his sentence. His final ground contends he received ineffective assistance of counsel in myriad ways. The court directed Defendant to notify the court of his election regarding waiver of attorney/client privilege. ECF No. 457. Defendant elected to waive the privilege, limited to the § 2255 motion proceedings only. ECF No. 459. The Government then responded in opposition to Defendant's motion to vacate, and filed an affidavit by Defendant's trial counsel[1] in support. ECF No. 463. The Government also filed a motion for summary judgment. ECF No. 464. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 465. Defendant filed his response in opposition to the Government's motion for summary judgment. ECF No. 467. This matter is ripe for resolution.

---

[1] Counsel was relieved by the court at Defendant's request after he was found guilty by a jury but prior to sentencing. ECF No. 277. Defendant proceeded *pro se* at sentencing. ECF No. 313.

# BACKGROUND

On June 4, 2013, Defendant was indicted on eight counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2. ECF No. 2. Defendant and his co-defendants were charged with making multiple mailings in furtherance of a fraudulent "debt elimination system." Customers allegedly paid fees associated with this debt elimination system, which Defendant and his co-defendants then used for their own personal expenses. In December 2013, the defendants were charged in a Superseding Indictment, which added an additional count of passing fictitious financial instruments, in violation of 18 U.S.C. § 514. ECF No. 134.

Defendant proceeded to trial, and was found guilty on eight counts of mail fraud. ECF No. 222. The court dismissed count 10, passing fictitious financial instruments. ECF No. 212. After trial, Defendant indicated he wished to represent himself at sentencing and waived his right to counsel for the remainder of the proceedings. ECF No. 277. Counsel was relieved, and Defendant proceeded *pro se* at sentencing. Defendant was advised to submit any objections to his PreSentence Report ("PSR") by June 4, 2014. ECF No. 288. The Probation Officer received a certified mail package from Defendant including the PSR and attachments provided to Defendant by the Probation Officer, now stamped on both sides with red and brown stamps containing nonsensical language. ECF No. 292. These packages were reviewed but did not contain information that could be considered an objection to the PSR. Therefore, it was determined Defendant did not submit any objections to the PSR. *Id.*

At sentencing on July 15, 2014, Defendant raised a jurisdictional question regarding a purported international contract and objected to an FBI form 302 being admitted at sentencing – both related to determination of loss amount. ECF No. 381 at 57-59. To the extent these could be considered objections, the court explained the calculation of the loss amount and overruled Defendant's objections. *Id.* Defendant did not object to the guideline calculation. *Id.* at 61-62. Defendant was sentenced to 120 months imprisonment. ECF No. 333.

Defendant appealed his conviction, presenting ten issues centered on admission of evidence and witness issues, many regarding the dismissed count ten. *United States v. Dew*, No. 14-4561 (4th Cir. 2014). Defendant also argued he should have been afforded a jurisdictional hearing and that defense counsel failed to bring witnesses from out of state because there was "no money" to do so. *Id.* On September 16, 2015, the Fourth Circuit issued an opinion affirming the conviction and sentence. No. 14-4561 at Doc. No. 54. Defendant sought certiorari, but that was denied by the Supreme Court on April 18, 2016.

## STANDARDS

As to claims other than those alleging ineffective assistance of counsel, Defendant may not ordinarily bring claims in a §2255 motion that were not raised at trial or on direct appeal. To pursue a defaulted claim in a §2255 motion, Defendant must show either cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

As to Defendant's claims that he received ineffective assistance of counsel, the standard is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *see also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

Under the second prong of the Strickland test, Defendant must establish that he experienced prejudice as a result of counsel's ineffectiveness, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (internal quotation marks and citation omitted). A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

Counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. However,

*Strickland* does not require counsel to investigate every conceivable line of mitigating evidence, and "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 690-91; *see also Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006) (explaining that counsel's conduct is generally presumed to be a reasonable strategic choice). The Fourth Circuit has held that "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence . . . would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

## DISCUSSION

Defendant first alleges five grounds related to the loss amount attributed to him. Specifically, he argues in ground one the court failed to correctly calculate intended loss amount; ground two alleges there was no intent to inflict intended loss, and that amount was overstated; ground three contends the court's alternative 10% calculation was improper because it was not in the PSR; ground four argues a violation of "Rule 32(h)" in that there was no prior notice of an upward departure from the actual loss calculation; and ground five asserts the court failed to properly review evidence, leading to an incorrect guideline calculation. ECF No. 435. Defendant's sixth ground alleges ineffective assistance of trial counsel, alleging "defense counsel acted outside the realm of reasonable professional judgment by" failing to: properly prepare a defense, view electronic discovery prior to trial, call witnesses, subpoena original instruments,

5

subpoena witnesses and evidence regarding four of Defendant's clients, move for extension of time for electronic discovery, object to trial ruling regarding evidence admitted after delay, and file a timely Rule 29 motion. *Id.* at 35.

The Government, in its response in opposition, argues Defendant's first five grounds should be dismissed due to procedural default, as Defendant failed to raise the issues at sentencing and on direct appeal. ECF No. 463. Regarding ground six, the Government contends Defendant did not receive ineffective assistance of trial counsel and was not prejudiced by any supposed failings of counsel. *Id.*

In his reply, Defendant argues his attorney was ineffective for failing to contact witnesses or examine documents in advance of trial, and for failing to have certain witnesses testify at trial. ECF No. 467. He also argues his first five grounds should not be dismissed due to procedural default because he overcomes the default due to "actual innocence of the sentence, because he was sentenced under an enhancement of which he is innocent, and actual innocence of the crime for which he was convicted, because but for the ineffectiveness of counsel, he would have been found not guilty." *Id.* at 11-12. He contends a procedural default would be a "complete miscarriage of justice" and cites *United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999) "for the court's consideration of the basis for denying" procedural default. *Id.* at 12.

*1. Defaulted Grounds*

Defendant presents five grounds for relief that could have been, but were not, raised at sentencing[2] or on direct appeal. Defendant concedes these claims are procedurally defaulted. ECF No. 467 at 11; *see United States v. Pettiford*, 612 F.3d at 280 (holding claims not raised at sentencing or on direct appeal are barred on collateral review); *United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir. 1989) (non-constitutional issues are deemed waived in a § 2255 motion if they were not raised on direct appeal).

To bring a defaulted claim in a §2255 motion, Defendant must show either cause and actual prejudice or actual innocence. *See Bousley*, 523 U.S. at 622; *Pettiford*, 612 F.3d at 280. "To succeed on actual innocence grounds, however, a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Pettiford*, 612 F.3d at 282, citing *Mikalajunas,* 186 F.3d at 494. Finally, the "movant must show actual innocence by clear and convincing evidence." *Id.*

Defendant has made no showing of cause and prejudice, but argues he is actually innocent of his conviction and sentence. However, Defendant has not provided any clear and convincing

---

[2] Defendant did raise at sentencing two objections loosely related to loss amount. *See* page 3, supra. However, these are not the issues he raises in this motion.

evidence he is factually innocent of his conviction. Whether he was sentenced under a guideline he now challenges is not the focus of the actual innocence inquiry. Therefore, Defendant has failed to show he is actually innocent as required to bring his defaulted claims.

Further, while cause for procedural default may be shown by ineffective assistance of counsel, Defendant's sentencing and appeal were *pro se*. A defendant may not elect to proceed *pro se* and then complain about ineffective assistance. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel."). While Defendant alleges ineffective assistance by counsel at trial, decisions as to sentencing and appeal issues were made solely by Defendant *pro se*.

Therefore, the Government is entitled to summary judgment on Grounds One through Five, as they are procedurally defaulted, and these grounds are dismissed with prejudice.

### 2. *Ineffective Assistance of Counsel*

Defendant alleges counsel was ineffective in six ways, by failing to undertake the following: properly prepare a defense; view electronic discovery prior to trial; call witnesses and subpoena original instruments and evidence regarding four of Defendant's clients; move for extension of time for electronic discovery; object to trial ruling regarding evidence admitted after delay; and file a timely Rule 29 motion.

a. Prepare a Defense

Defendant alleges his attorney failed to properly prepare a defense. In support, he points to a meeting with counsel in November of 2013, two months before trial, in which Defendant inquired if counsel was ready for trial. ECF No. 453 at 36. Counsel apparently answered he was not ready, but would be before the start of trial. *Id.* Defendant states he provided counsel with a list of witnesses for his trial and processes in his debt collection scheme that "had worked." *Id.* Defendant notes counsel had not viewed the "electronic discovery," or data files on the server and hard drives seized by the FBI during the search of Defendant's company, Eden Gifted Properties ("EGP"). *Id.* "In short, it seemed to [Defendant] that not much trial preparation work had been done at all." *Id.*

The Government argues Defendant's attorney properly prepared a trial strategy, in consultation with Defendant, and was prepared for trial. ECF No. 463. Submitted with the Government's response is an affidavit by defense counsel, Kenneth Mathews, asserting "the only defense in the case was that the Defendant believed that the representations he made to potential clients in this case were true and he believed that he was able to relieve them from their debt as stated," showing a lack of intent to commit a crime. Mathews Aff., ECF No. 463-1.

In reply, Defendant submits an "affidavit of the truth," arguing Mathews has failed to specifically refute many of Defendant's claims against him. ECF No. 467. He continues to argue

9

Mathews failed to investigate or call the four witnesses provided by Defendant for whom "the process worked," and argues he did provide "substantial input and participation" into the defense but Mathews failed to investigate and obtain the proof of innocence Defendant alleges was readily available. *Id.* He also contends there were documents "on the server, but not in the FBI seized files," that would have shown the process worked for some of his clients. *Id.* at 14. Defendant argues he provided Mathews four such cases and Mathews should have either "ruled them in or out by using his investigative powers to get to the bottom of these facts and evidence underlying my beliefs." *Id.* at 15. He states he has "identified what the missing evidence is," and "Mr. Mathews has it in his files: the Royal Tours VISA card, the Brenda McGregor files, and the Wells Fargo files." *Id.* at 18.

The gist of Defendant's claim is that trial counsel failed to investigate records of four witnesses for "potentially" exculpatory information and thereafter failed to subpoena relevant documents. ECF No. 467 at 2. Defendant expected counsel to "prove or disprove" whether the debt elimination process worked for Dianne Hill-Bray, Brenda McGregor, Royal Tours, and Raleigh Carter[3]. *Id.* at 3; *see also id.* at 15 (counsel "should and could have either 'ruled them in

---

[3] "I expected he would investigate fully Mr. Carter's claims prior to his testimony and provide supporting documentation or dispel it entirely if there was nothing to it and not call him to testify." *Id.* at 4.

or out'"); 16 (reasonable to expect "these facts and raw evidence would be cleared away as not useful or developed one way or another before start of trial at least.").

What Defendant fails to offer is any proof documents relating to these clients evidenced debts were eliminated as a result of the debt elimination scheme. The proof at trial showed the scheme involved using sovereign citizen tactics by mailing bogus documents to banks, lenders, and other financial institutions claiming debts satisfied based on nonsensical arguments and citations to the Uniform Commercial Code. The documents contained instructions on how to use non-existent bonds to pay customers' debts. While coincidentally a few debts were satisfied or written off for unrelated reasons during the time frame of the scheme, there was no evidence documents sent by Defendant's company eliminated any debt. Nor has Defendant produced any evidence that trial counsel failed to locate such a document or witness.

Given the absence of any support for Defendant's contention that counsel failed to locate available documents or witnesses that may have proved helpful to Defendant's case, his claim counsel failed to properly prepare a defense fails. Counsel's decision to pursue a strategy of good faith belief in the truth of representations and lack of intent to commit a crime was in fact the only defense available.

It is well-settled that counsel is able to make decisions regarding trial strategy, and carry out that strategy. *Faretta*, 422 U.S. at 820 ("It is true that when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to

make binding decisions of trial strategy in many areas."). Counsel further avers that all witnesses "provided by Mr. Dew were considered . . .and were part of the trial strategy that was formulated with substantial input and participation by Mr. Dew." Mathews Aff., ECF No. 463-1. "Mr. Dew seems to now complain of the trial strategy, which he agreed with and was involved in developing." *Id.* at 3. Given the absence of proof of exculpatory evidence, the court cannot say counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, or that Defendant was prejudiced by this strategy decision. Accordingly, the Government is entitled to summary judgment on this ground and it is dismissed with prejudice.

### b. Review electronic discovery prior to trial

Defendant next alleges counsel was ineffective in failing to access and review a computer hard drive seized by the Government before trial. Defendant maintains this computer hard drive contained exculpatory evidence of "Satisfaction of Mortgage" documents, copies of which he contends did not exist in customers' files and were evidence of the viability of Defendants' "debt elimination" scheme.

Based on information obtained during an investigation, the Federal Bureau of Investigation ("FBI") secured a search warrant for the offices of EGP, the business of Defendant and his co-Defendants. On June 1, 2012, the FBI executed the search warrant seizing, *inter alia*, a variety of documentary evidence and a computer hard drive which operated as a server for EGP computers. The Government retained this evidence throughout the prosecution of this matter.

The computer hard drive was made available for review by defense counsel prior to trial, and Defendant's trial counsel does not dispute Defendant told him potentially exculpatory documents existed on the computer hard drive. However, Mathews did not review the contents of the hard drive prior to the beginning of trial. Mathews attests

> I had made a decision that it was not necessary to review that data for trial based on Mr. Dew's defense. Prior to the start of the trial, after the Defendant insisted that we should review those, I made a motion before the court and the court had the government make these files available to us in the evenings after trial. It did not appear from that review that these documents would produce any information that would aide in the Defendant's defense. Most of the documents were duplications of the hard copies which we already had and were in evidence in the multiple boxes in the courtroom.

Mathews Aff. at 2, ECF No. 463-1.

Defendant asserts counsel failed to access the computer hard drive in a timely manner; that is, that the alleged ineffectiveness arose prior to trial. *See* ECF No. 453 at 37 ("[C]ounsel failed to review this data prior to trial, though Movant had informed Mathews of files on the server. . . ."). Therefore, it must be determined whether Mathew's failure to review the computer hard drive in possession of the Government prior to trial was ineffective and, if so, whether this failure prejudiced Defendant.

Assuming for purposes of this motion that counsel was ineffective in failing to review the computer hard drive prior to commencement of trial, Defendant cannot establish prejudice resulting from counsel's alleged failure. Notably, Defendant fails to provide any evidence the hard

13

drive contained documents showing that the process had resulted in an actual satisfaction of the mortgage or debt of any EGP client (see further discussion *infra*, at § c).  As it is Defendant's burden to prove prejudice under *Strickland*, his failure to provide evidence in support of his contention is fatal to this claim.  *Fields*, 956 F.2d at 1297.  Therefore, as Defendant cannot establish prejudice on this ground, the Government is entitled to summary judgment and it is dismissed with prejudice.

c. Call witnesses and subpoena evidence

Next, Defendant again claims counsel failed to call witnesses at trial, despite Defendant notifying counsel of potentially helpful witnesses.  ECF No. 453 at 38.  Defendant also contends counsel failed to subpoena original instruments to determine whether they were processed by the holders (banks and IRS).  *Id.* at 38-39.   Defendant focuses on the several clients he contends benefitted from his debt reduction scheme and documents showing satisfaction of debts: the Hill-Bray Wells Fargo Mortgage, the McGregor foreclosure case, Royal Tours Bus Drivers VISA statements, and Raleigh Carter's IRS debt.  *Id.* at 42-45.   Defendant purports to set forth the content of what several of his clients would have testified, had they been called; however, these are bald assertions by Defendant and not actual evidence - no affidavits from these clients were submitted.  ECF No. 467 at 18.

During trial, counsel for co-Defendant Manuel introduced a letter contained in Government Exhibit 440, arguing the mortgage of Hill-Bray had been satisfied during the time Defendants

14

employed their scheme. *See* Trial Tr. Vol. 5 at 814:12-14, ECF No. 400. However, Defendant provides no evidence that the satisfaction of any mortgage in question *resulted from* the fraudulent blizzard of paper produced by Defendant and his co-Defendants.[4]

In his affidavit, Mathews notes "[a]ll information and witnesses provided by Mr. Dew were considered by the undersigned and were part of the trial strategy that was formulated with substantial input and participation by Mr. Dew." Mathews Aff. at 2, ECF No. 463-1. As noted above, it is within the lawyer's purview to make strategy decisions about the case, especially a trial strategy in which Defendant had considerable involvement.

In addition, the evidence of Defendant's guilt was voluminous and overwhelming. The Government introduced over 600 exhibits, most of which were EGP client files containing numerous frivolous documents sent through the mails in an effort to execute Defendants' fraudulent scheme. Defendant's conviction evidences the jury's rejection of the argument that any mortgage was satisfied by means that could be attributed to Defendants' scheme. Accordingly, the Government is entitled to summary judgment on this ground, and it is dismissed with prejudice.

---

[4] The Government represented to the court the Wells Fargo second mortgage on the property was satisfied through foreclosure and sale of the property. *Id.* at 821:1-7.

d. Extension of time for electronic discovery

Defendant also argues Mathews "failed to object to the court's ruling that it was too late for the defense to ask for these [Dropbox] files." ECF No. 453 at 45-46. Defendant contends the Dropbox files contained explanations about the "monetary system, banking, mortgages, and the beliefs the Movant espoused behind his process." *Id*. at 46. The files "spoke to the defendant's beliefs about what they were doing, and to the intent behind the process." *Id.* Defendant also argues "the government for two days was unable to provide the computer evidence in their possession that defense requested which came up during trial testimony," and the court "was at fault for not holding the government's feet to the fire." Defendant believes these documents were potentially exculpatory and went to the willfulness issue.

However, the Dropbox files at issue are internet, cloud-based documents authored and maintained by outside parties – not the Government. It was not necessary to get these files from the Government, or to review them on a computer set up by the Government, like the hard drive. The files on Dropbox can be accessed at any time through any internet connected device and were apparently accessed during the trial by defense attorneys. As with Defendant's previous grounds, he cannot prove prejudice to establish ineffectiveness under *Strickland*. Therefore, this ground is dismissed with prejudice.

e. Evidence admitted after delay

Next, Defendant contends Mathew's "failure to object to delay admitting Wells Fargo evidence" was ineffective because it was admitted "too late to further develop further tie in with additional evidence to the Hill-Bray lost mortgage satisfaction, loan transactional accounting records, or anything else." ECF No. 453 at 47. However, Defendant presents no evidence regarding how an earlier admission of this evidence would have helped his case, other than a bald assertion it would have. Further, the evidence was admitted and the jury was able to consider it during deliberations. Therefore, dismissal is appropriate for this ground.

f. Rule 29 motion

Finally, Defendant argues his counsel failed to file a Rule 29 motion for judgment of acquittal after the jury's verdict. Defendant further contends his counsel failed to even discuss the option of filing such a motion, even though Mathews made a successful motion to dismiss count 10 at trial. ECF No. 453 at 47. However, Defendant acknowledges he does not know whether there were grounds to make a Rule 29 motion or not. *Id.* In addition, the Government points out Mathews did make a motion for judgment of acquittal, even if he didn't specifically invoke Rule 29, that was granted as to count 10. ECF No. 463 at 13. Assuming *arguendo* Defendant is arguing Mathews should have made another motion for judgment of acquittal following the guilty verdicts on the other counts, counsel is not ineffective for failing to seek a judgment of acquittal if he was "demonstrating his sound evaluation of the likelihood of success." *United States v. Mayberry*, 341

F. App'x 859, 862 (4th Cir. 2009) (unpublished) (citing *United States v. Daniel*, 3 F.3d 775, 779 (4th Cir. 1993)). In light of the substantial evidence of guilt, as discussed above, Mathews' decision not to move for a Rule 29 motion for judgment of acquittal on all counts after verdict was a reasonable strategic decision. Therefore, this ground is dismissed with prejudice.

## CONCLUSION

For the reasons above, summary judgment for the Government is appropriate on all grounds. Defendant's motion is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 5, 2018