IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:13-479-CMC |
| v. | |
| James Chappell Dew, | Opinion and Order |
| Defendant. | |

Defendant has filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 513. He contends he is at heightened risk for the novel coronavirus due to his age and he requests a reduction in sentence and immediate release. *Id.* He acknowledges the requirement to first make a request of the Bureau of Prisons ("BOP"); however, he asks the court to excuse exhaustion due to the pandemic and possibility of "catastrophic health consequences." *Id.* at 2.

The court, on motion of a defendant after 1) fully exhausting administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A) (as amended by First Step Act).

The Fourth Circuit has been very firm that a court is without authority to modify a sentence unless expressly permitted by statute. *See United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010) (a court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute) (quoting § 3582). The Supreme Court has explained that some statutory prerequisites are jurisdictional. Such a designation carries an obligation of courts to consider the requirement *sua sponte* and enables a party to raise it at any point in the proceedings. *Gonzalez v.*

*Thaler*, 565 U.S. 134, 141 (2012). Statutory prerequisites that are not jurisdictional create claim processing rules. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019). Claims-processing requirements are mandatory but may be forfeited if not timely raised. *Id.*

The Fourth Circuit has not ruled on whether the exhaustion requirement in § 3582(c)(1)(A) is jurisdictional, and there is a circuit split on the issue. *United States v. Bobbie Johnson*, No. 14-cr-0441, 2020 WL1663360, at *3 (D. Md. April 3, 2020) (citing *United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015) (§ 3582(c) is not jurisdictional in nature); *United States v. McGaughy*, 670 F.3d 1149 (10th Cir. 2012) (§3582(c) presents a jurisdictional bar to modification of sentence absent certain conditions); *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (same); *United States v. Spears*, 824 F.3d 908, 917 (9th Cir. 2016) (same)). The court agrees with the analysis of Judge Bennett in *Johnson* and finds it does not have jurisdiction to address Defendant's motion because he has not applied to the warden of his facility and waited 30 days from the warden's receipt of his request.[1] Accordingly, Defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied without prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 27, 2020

---

[1] Even if not jurisdictional, the statute mandates the defendant exhaust administrative remedies prior to seeking relief in this court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion.").